BARKETT, Circuit Judge,
dissenting:
When a defendant such as Melvin Jones objects to appointed counsel but refuses to waive his right to counsel and at the same time refuses to represent himself, the trial judge must navigate between competing constitutional rights.
In such a case, a judge must advise the defendant that he is entitled to effective representation but not to the counsel of his choice, and then to explain the ramifications and dangers both of waiving the right to counsel and of proceeding pro se. After the judge has appropriately advised the defendant and determined that the defendant understands the ramifications of the only available choices, the judge has three options.
First, if the judge determines that the defendant is incapable of representing himself, the judge should order the defendant to proceed with appointed counsel.[1] Second, if the judge determines that the defendant is capable of representing himself and the defendant continues to insist that he does not wish to be represented by appointed counsel, the judge may permit the defendant to proceed pro se with the assistance of standby counsel, as in United States v. Garey, 483 F.3d 1159 (11th Cir.2008).[2] Theoretically, the judge’s third choice is to order the defendant to proceed entirely pro se.
*1297 Although I believe the third choice is rarely constitutionally permitted when the defendant unequivocally states that he does not want to proceed pro se,[3] I need not address that issue in this case, because the judge presiding over Jones’s trial neither advised Jones of the hazards of self-representation nor inquired into the knowingness of Jones’s supposed decision to proceed alone. There was no colloquy on the record, as there was in Garey, to assure that Jones proceeded with eyes open, aware of the consequences of forgoing his right to counsel at trial; nor was he even provided standby counsel.
On at least four occasions the Supreme Court has indicated that on-the-record warnings of the dangers of self-representation are required for a knowing waiver of counsel. See Iowa v. Tovar, 541 U.S. 77, 88-89, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004) (“As to waiver of trial counsel, we have said that before a defendant may be allowed to proceed pro se, he must be warned specifically of the hazards ahead.”); id. (“Warnings of the pitfalls of proceeding to trial without counsel ... must be ‘rigorously]’ conveyed.” (alteration in original) (quoting Patterson v. Illinois, 487 U.S. 285, 298, 108 S.Ct. 2389, 101 L.Ed.2d 261 (1988))); Patterson, 487 U.S. at 298, 108 S.Ct. 2389 (“[R]ecognizing the enormous importance and role that an attorney plays at a criminal trial, we have imposed the most rigorous restrictions on the information that must be conveyed to a defendant, and the procedures that must be observed, before permitting him to waive his right to counsel at trial.”); id. at 290, 108 S.Ct. 2389 (“[W]e require a more searching or formal inquiry before permitting an accused to waive his right to counsel at trial than we require for a Sixth Amendment waiver during postindictment questioning.”); Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (“[H]e should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that ‘he knows what he is doing and his choice is made with eyes open.’ ” (quoting Adams v. United States ex rel. McCann, 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268 (1942))); Von Moltke v. Gillies, 332 U.S. 708, 723-24, 68 S.Ct. 316, 92 L.Ed. 309 (1948) (plurality opinion) (“ ‘The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused — whose life or liberty is at stake— is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused.’ To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand.” (footnote omitted) (citing Johnson v. Zerbst, 304 U.S. 458, 465, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938))).
Such warnings on the record are required to give full meaning to the right to counsel at trial, and their complete and total absence in this case is, in my view, dispositive.[4] Thus, I believe Jones is entitled to proceed with his habeas petition.
*1298 The majority agrees that Jones would be entitled to relief on direct appeal because, on this record, the government would not be able to sustain its burden of proving that Jones knowingly waived his right to counsel. It denies relief here, however, on the grounds that Jones — and not the government — now bears the burden of establishing a violation of his constitutional right to counsel. (Maj. Op. at 1293.) I fail to see a distinction in the application of the burdens to the facts of this case. As the majority concedes, the government could not show on the record that Jones knowingly waived the right to counsel as the court never advised Jones of the dangers of self-representation. On that same record, Jones has clearly met his burden of showing the very same thing: that he was not warned of the dangers of self-representation, that there is no adequate evidence on the record that he otherwise knew and understood those dangers, and thus, that he did not knowingly waive his right to counsel. I would reverse the judgment of the district court and grant habeas relief.

. This assumes of course that there is no constitutional impediment — such as a conflict of interest — to forcing continued representation by the appointed counsel.

. In Garey, we noted that the record reflected that the trial judge provided Garey with extensive warnings as to the dangers of self-representation and waiver of counsel. After being so advised, Garey made clear his preference for self-representation over proceeding with appointed counsel, and the trial court discharged Garey's appointed counsel, but required that he remain as standby counsel. (Maj. Op. at 1289-90.)

. In any event, as the majority noted in Garey, the preferred alternative to permitting a defendant to proceed entirely alone is to retain standby counsel.

. See also United States v. Thomas, 357 F.3d 357, 362 (3d Cir.2004) (“It is clear from the Supreme Court’s decision in Faretta ... and this court's decision in United States v. Welty, 674 F.2d 185, 188 (3d Cir.1982), that the district court must undertake an affirmative on-the-record colloquy to explain to the defendant the possibility of waiver and give the defendant 'an awareness of the dangers and disadvantages inherent in defending oneself.’ ”); United States v. Gewin, 471 F.3d 197, 199 (D.C.Cir.2006) (“To satisfy Faretta, a trial *1298 court must engage the defendant in a 'short discussion on the record' about the dangers and disadvantages of self-representation.”).